IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICK IAN HOOD,

                    Plaintiff,

          v.                          CASE NO. 08-3112-SAC

CRAIG MURPHY,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

     This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate now confined at the Sedgwick County Adult Detention Facility, Wichita, Kansas.  Plaintiff names as defendants Craig Murphy, Sheriff of Butler County, and employees at the Butler County Jail including Captain Whitaker, Sgt. T. Hall, Sgt. Steven Lovett and Nurse Prac. Tammy Harper.  As the factual background for his complaint, Mr. Hood alleges he was placed in the Butler County Jail on January 9, 2008, as a pretrial detainee and was physically, medically, emotionally, and verbally abused on a daily basis.


<u>MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES</u>

     Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2) and has submitted the requisite affidavit and a financial record in support of his motion indicating he has no funds.  Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action.  Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the

inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4). Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. Plaintiff is reminded that he remains obligated to pay the $350.00 district court filing fee in this civil action, and payments shall be automatically collected from his inmate trust fund account and transmitted to the court whenever funds become available as authorized by 28 U.S.C. § 1915(b)(2).

**<u>SCREENING</u>**

Because Mr. Hood is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having considered all materials submitted by plaintiff, the court finds the complaint is subject to being dismissed for failure to state a federal constitutional claim and other reasons that follow.

**<u>IMPROPER JOINDER OF PARTIES AND CLAIMS</u>**

Plaintiff lists five individuals as defendants in the caption

of his complaint, and raises at least fifteen claims[1] in its body. As a consequence, this court is presented with the "sort of morass" produced by "a multiple claim, multiple defendant suit."  The difficult and time-consuming task of screening such complaints is exacerbated here by plaintiff having presented several claims without describing the personal involvement of a named defendant in that particular claim.  Not only is the personal participation of each defendant an essential element of any civil rights claim, but failing to allege which defendant took the acts underlying each claim prevents the court from determining whether or not the claim or the defendant is properly joined.  Due to plaintiff's improper joinder of some parties and claims, and his failure to allege personal participation of all defendants in his multiple claims, Mr. Hood shall be required to file an Amended Complaint[2].

To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid his obligation under 28 U.S.C. § 1915(b)(1) to pay the full amount of a filing fee in every action he files.  It could also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g) since several of his apparently improperly joined claims are

---

[1]     Plaintiff lists his claims under Grounds 1-6 in his form complaint, but clearly raises more than six grounds.

[2]     The Amended Complaint will completely supercede the original complaint.  Plaintiff may not simply refer to the original complaint in his Amended Complaint.  Instead, he must fully state all properly joined claims in his Amended Complaint and the facts in support.  Anything not stated in the Amended Complaint shall not be considered further herein.
   Plaintiff may however cite any exhibits attached to the original complaint and Documents (7) and (9), by referring to the number of the document to which it is attached and the number he gave to the exhibit.  The court expects plaintiff to use the exhibits as proof of specific claims when proof is required, and he does not need to cite them all in his Amended Complaint.

frivolous on their face.  Such claims would clearly count as a "strike" if they were raised in a separate lawsuit.

The first rule plaintiff must follow in his Amended Complaint is that he may not include defendants or claims whose joinder is not permitted by the Federal Rules of Civil Procedure.  Joinder is not a simple concept.  Nevertheless, the Federal Rules of Civil Procedure apply to lawsuits brought by prisoners.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  The court sets forth those rules here, and plaintiff is required to make every effort to adhere to them in his Amended Complaint.  Any improperly joined parties or claims that appear in the Amended Complaint will be dropped and dismissed without prejudice[3].

A pro se inmate plaintiff, like any other litigant, may not file a single complaint in which he or she lists in the caption several jail or prison employees he believes have acted illegally toward him and in the body several injustices he believes he has suffered at the institution, except under limited circumstances.  He may file a multiple defendant/multiple claim complaint only if he also alleges facts showing either that all defendants participated in every claim raised, or that all claims are connected and present a common question of fact or law.  The rules setting forth these limited circumstances for multiple party/multiple claim actions are F.R.C.P. Rules 18(a) and 20(a)(2).  Under Rule 18(a), which governs joinder of claims, the plaintiff may bring multiple claims, related

---

[3]     This does not mean that plaintiff loses his right to litigate any of his claims simply because they were improperly joined in this lawsuit.  Instead, he is free to file a completely separate lawsuit or lawsuits naming dropped defendants and raising dropped claims.  He simply may not litigate all his unrelated claims against all these defendants in this single suit.

or not, in a lawsuit against a single defendant.  However, in order to name other defendants in the same lawsuit, he must satisfy Rule 20(a)(2), which governs joinder of parties.  Rule 20(a)(2) imposes two requirements for the permissive joinder of defendants in a single lawsuit: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action.   In other words, a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question.  Plaintiff will be given time to file an Amended Complaint in which he names only those defendants and alleges only those claims that may be properly joined in a single lawsuit.  It must be filed on forms provided by the court. If he fails to comply with the court's order to file an Amended Complaint within the time allotted, this action may be dismissed without further notice.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

The second rule plaintiff must follow in his Amended Complaint is that he must not only name the defendant or defendants in his caption but he must also describe the defendant's direct and personal participation within his statement of each and every claim in the body of his complaint.  It is well-settled that a defendant cannot be liable under Section 1983 unless he or she personally participated in the alleged deprivation(s).  Moreover, plaintiff must allege more than that a defendant was a supervisor or in charge

5

at the jail.  A defendant cannot be held liable for money damages in a civil rights action based solely upon his or her supervisory capacity under the theory of respondeat superior.  <u>Trujillo v. Williams</u>, 465 F.3d 1210 (10th Cir. 2006); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993).  If plaintiff fails to allege facts demonstrating the direct, personal participation of any named defendant in each and every claim alleged in his Amended Complaint, this action shall be dismissed as against that defendant.

## <u>CONCLUSORY ALLEGATIONS INSUFFICIENT TO STATE CLAIM</u>

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Northington v. Jackson</u>, 973 F.2d 1518, 1523 (10th Cir. 1992).  A pro se complaint must be given a liberal construction.  See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Moreover, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)(Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.);

see <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1202 (10th Cir. 1996).  "This is because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  <u>Id</u>.  The legal standards cited herein are not inapplicable or significantly altered simply because plaintiff is a pretrial detainee.

Most of plaintiff's numerous complaints regarding actions by defendant employees at the Butler County Jail are either conclusory or the facts alleged fail to state a federal constitutional violation.  He is given the opportunity to cure these deficiencies in his Amended Complaint.  However, if he is unable to allege additional facts supporting these claims and showing they are of constitutional magnitude, then they should not be included in his Amended Complaint.


**<u>DISCUSSION OF CLAIMS</u>**

Mr. Hood generally claims he was subjected to daily abuse at the Butler County Jail, and his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments were violated.  As facts in support, he lists numerous events, grievances, and claims.  The court briefly comments upon plaintiff's individual claims and their deficiencies.


**<u>EXCESSIVE FORCE: HANDCUFFS INCIDENTS</u>**

Plaintiff alleges that on February 27, 2008, during a shakedown of his cell he was moved to the shower area in handcuffs.  He

further alleges that he asked defendant Hall to loosen the handcuffs, but Hall "cinched the cuffs down tight" instead; and when he drew away, Hall pulled on his arms through the hole causing severe bruising and scratches to his wrists.  He asked for medical attention and was taken to the clinic where he was seen and released by Nurse Harper.  He also alleges that his hands and arms became numb as a result of the tightened cuffs, and that Hall injured his wrist again[4] while roughly removing the cuffs[5].  Plaintiff asserts that these facts show excessive force by defendant Hall, and denial of necessary medical treatment.

The standards for evaluating an excessive force claim have been clearly set forth by the Tenth Circuit Court of Appeals:

> To succeed on his excessive use of force claim, plaintiff must show (1) that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation; and (2) that defendants acted with a sufficiently culpable state of mind.  Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003).  "The objective component . . . is contextual and responsive to contemporary standards of decency.  The subjective element . . . turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id.(citation and quotation marks omitted).

Norton v. The City of Marietta, OK, 432 F.3d 1145, 1154 (10th Cir. 2005).  Applying these standards, the court finds this claim of excessive force is not supported by sufficient facts given that plaintiff's allegations indicate he was resisting Officer Hall during these incidents.  Jail and prison officials may use that

---

[4]     Plaintiff alleged in his Exhibit 11 attached to his complaint that he had "several bruises and marks" from this incident.  He alleges in his complaint that he received ointment and pain medication for his injuries.

[5]     Plaintiff's Exhibit 44 indicates that Hall thought plaintiff was resisting while Hall tried to remove his cuffs through a bean hole.

force necessary to quell disruptive behavior or resistance by an inmate, and not every push or shove by a correctional officer amounts to cruel and unusual punishment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). The circumstances described by Hood do not suggest that the force applied by Sgt. Hall was for the purpose of maliciously and sadistically causing harm rather than to restore order, and was so harmful as to be cruel and unusual.

Moreover, no other defendant is alleged to have been involved in this particular incident, and no nexus is apparent between this incident and plaintiff's many other claims. It follows that if plaintiff includes this excessive force claim in his Amended Complaint, he must not only allege additional facts showing cruel and unusual punishment and defendant Hall's culpable state of mind; but he must also proceed only against defendant Hall and only on the claims he has against this single defendant.

Nor does plaintiff allege facts indicating he required more medical attention for his wrists than was provided[6]. His allegations in this regard are insufficient to state a claim as they indicate nothing more than his disagreement with the medical decision of Nurse Harper[7].

---

[6]    In the context of medical care, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 105 (1976). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980); <u>Hunt v. Uphoff</u>, 199 F.3d 1220, 1224 (10th Cir. 1999); <u>Martinez v. Garden</u>, 430 F.3d 1302, 1304 (10th Cir. 2005), *quoting* <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)("The objective component is met if the deprivation is 'sufficiently serious'.").

[7]    The standards for a claim of denial of medical treatment are fully set forth in the court's discussion of plaintiff's claim of denial of treatment for hypoglycemia.

**EXCESSIVE FORCE: MACE INCIDENT**

Plaintiff describes an altercation he had with officers in April, 2008, after he was served a disciplinary report (DR) for fighting with another inmate.  He physically resisted being moved to a segregation cell prior to a hearing on his DR[8], by laying "spread eagle" on the floor, and was maced by defendant Sgt. Lovett as a result.  He also alleges that he was jumped on and hit by "other staff."  He further alleges he was immediately put in a shower for a few minutes, which he claims "ignited" the mace[9]; but then complains that he was left for thirty minutes without water to wash off the mace.  He requested, but was not provided another shower for three days and alleges the mace caused a rash in his groin area.  In addition, he describes how he argued with correctional officers at his disciplinary hearing.

These allegations, even taken as true, are insufficient to support a claim of excessive force or cruel and unusual punishment under the Eighth Amendment.  As the United States Supreme Court has explained:

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim.  Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  A similar analysis applies to medical needs.  Because society does

---

[8]  Plaintiff insisted to jail officials then and seems to still assume that he had some right to refuse to move to a segregation cell before he was provided a hearing on his DR.  An inmate has no constitutional entitlement to a due process hearing before every move to a segregated cell.  See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994).  Instead, the assignment of cells is a matter within the discretion of jail officials, particularly where security has been breached by inmate fighting.  Sandin v. Conner, 515 U.S. 472, 486 (1995).

[9]  Plaintiff's exhibits indicate he could have remained in the shower longer, but chose to leave.

> not expect that prisoners will have unqualified access to
> health care, deliberate indifference to medical needs
> amounts to an Eighth Amendment violation only if those
> needs are "serious." (Citations omitted).

<u>Hudson</u>, 503 U.S. at 9.  Here, plaintiff by his own account had to be physically moved to a cell, and refused to remain in the shower where he was taken immediately after being maced.  Plaintiff's allegations indicate that defendant Lovett was acting to restore order and discipline, and that plaintiff was refusing to cooperate with jail officials.

Furthermore, the only defendant plaintiff actually names as involved in this incident and whose personal acts are described is Sgt. Lovett.  Defendant Lovett is not alleged to have hit or jumped on plaintiff.  Lovett is alleged to have insisted that he move, grabbed him when he became disturbed at being told to cuff up, and maced him.  Thus, no sadistic or malicious conduct on Lovett's part is alleged.  Even though plaintiff later in his complaint mentions staff other than Lovett, none of them is a named defendant.  If plaintiff can present additional facts to support this claim, he must decide whether or not to make this his only claim in his Amended Complaint naming as defendants only those persons who actually participated in this incident, or whether to raise this claim in a separate action.

## DENIAL OF EQUAL PROTECTION

As Count II of his complaint, plaintiff claims he was denied equal protect of the law because he is a male.  In support, he alleges that on January 18, 2008, a female inmate received 48 hours lockdown on her bunk for trying to send him a letter under another

inmate's name, while he later received fifteen days in disciplinary segregation for "supposedly" sending her a poem through someone else.

"Equal protection is essentially a direction that all persons similarly situated should be treated alike." Plaintiff has alleged no facts showing a discriminatory motive on the part of any defendant involved in his disciplinary proceedings. Moreover, he alleges no facts whatsoever indicating the disciplinary decision in his case was without a rational basis. Fogle v. Pierson, 435 F.3d 1252, 1261, (10th Cir.), *quoting* Turner v. Safley, 482 U.S. 78, 89 (1987), cert. denied, ___U.S.___, 127 S.Ct. 675 (2006); Penrod v. Zavaras, 94 F.3d 1399, (10th Cir. 1996), *citing* Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1119 (10th Cir. 1991). Even accepting that plaintiff received a more severe administrative sanction for a similar offense than his girlfriend and co-defendant, no federal constitutional claim is stated. "[A prisoner's] claim that there are no relevant differences[10] between him and other inmates that reasonably might account for their different treatment is not plausible or arguable." Fogle, 435 F.3d at 1261.

Furthermore, plaintiff fails to specify which named defendant was the bad actor in this scenario that imposed the allegedly unconstitutional sanction. In addition, this claim does not appear to be connected to any other claim in the complaint.

---

[10]   This observation is not discredited here where plaintiff's Exhibit 7 shows he was warned prior to being sanctioned, and he does not allege that his girlfriend also failed to heed a prior warning.

**DELAY OF TREATMENT FOR HYPOGLYCEMIA**

As Count III, plaintiff claims his Eighth Amendment rights were violated by jail staff who delayed treatment for his serious medical condition[11].  In support, he alleges that once he arrived at the Butler County Jail he informed security and medical staff on January 9, 2008, that he is hypoglycemic.  He further alleges that he told defendant Nurse Harper of his condition on January 11, 2008, had to fill out a sick call slip on January 14, and was given a sheet to monitor his blood sugar on January 15.  He was seen on January 16, when defendant Harper advised she wanted more information before placing him on a medical diet and gave him packages of crackers.  He also complains that he experienced blood sugar drops and symptoms for the next three days, and was seen again at the clinic on January 20, 2008, when defendant Nurse Harper placed him on a medical diet. He states that another diabetic inmate received a snack on his first day at the jail.  Plaintiff also complains that the monitoring kit for testing his blood sugar was occasionally unavailable or withheld by correctional officers.  However, the officers who allegedly withheld this equipment are not named as defendants.

The United States Supreme Court has ruled that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that

---

[11]

[prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." Id., quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991). The prisoner's right is to medical care--not to the type or scope of medical care he personally desires. A simple difference of opinion between an inmate and jail medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a negligence malpractice claim. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992). Likewise, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. Olson, 9 F.3d at 1477. Thus, in a situation where treatment was delayed rather than denied altogether, the inmate is required to allege facts showing he suffered "substantial harm" as a result of the delay. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

Plaintiff's own statements of fact show nothing more than a delay of a matter of days in his receiving a prescribed diet for his hypoglycemia. He does not allege that he presented a physician's prescription for such a diet upon his arrival at the jail, or that he manifested unmistakable symptoms of an immediate need. Moreover, he alleges no facts whatsoever showing any substantial harm resulted from this delay or the occasional failure to provide the blood sugar monitor. The court finds plaintiff's allegations, even taken as true, are insufficient to state a claim under the Eighth Amendment.

**PROPERTY TAKEN DURING SHAKE-DOWNS**

Plaintiff alleges that defendant Hall and others shook down his cell on February 14, 2008, took some legal work and notes, which they returned the next day, and that his legal papers were taken several times during "continuous" shakedowns and not returned for hours or days[12]. He also complains that during one shakedown his clothing and other personal property were taken and later returned or replaced[13].

These allegations, considered as a claim of deprivation of property without due process, fail to present a federal constitutional violation. Since state court remedies exist for the negligent or intentional deprivation of an inmate's personal property, the taking of such property by jail officials is not grounds for a constitutional due process claim in federal court.

**DENIAL OF ACCESS CLAIM**

Plaintiff claims that the taking of his legal notes and papers during shake-downs also violated his right of access to the courts. He alleges several other grounds for this court access claim as well. As Count V, he claims his right of access was denied because Butler County Jail did not provide an adequate library or sufficient access to the library for segregation inmates. In support, he alleges he was not given enough time in the library, it was too small, no computers were available for his use, and the legal

---

[12]     While plaintiff makes the bald statement that he was subjected to "continuous" shake downs, he provides dates and other facts as to four.

[13]     Plaintiff's exhibits indicate some property was temporarily taken upon his assignment to a cell with more restrictions on possessions, but the property was held for plaintiff and later returned.

materials there were inadequate. He claims this "seriously hindered" his criminal case and has him considering a plea agreement instead of going to trial [14]. He also complains that he was provided only two envelopes per week for personal and legal mail, denied indigent supplies to write his attorney, and refused a form 9 to write the court clerk[15].

It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege something more than that the jail's law library is inadequate, or that he has been deprived of writing, mailing, and even his own legal materials. He must "go one step further and demonstrate that the alleged shortcomings in the library" or other alleged impediments "hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353. Moreover, providing law

---

[14]    Plaintiff's claim that he is contemplating a plea instead of fighting his criminal conviction because he lacks sufficient access to a law library does not establish that his criminal case has been impeded. He is being advised and represented by appointed counsel in that case, and alleges no facts indicating he must do his own legal research in order to assist in his defense. Plaintiff is advised to consult his attorney on all questions arising in his criminal case and that he must present any claim that his criminal defense is impeded to the trial court.

[15]    In addition, plaintiff alleges that on February 25, 2008, a correctional officer, not named as a defendant, took his complaint form from Butler County Court and some legal notes he was letting another inmate read, and he never saw them again. However, plaintiff's allegations and exhibits reveal this was because he "refused to" accept the papers back when the officer placed them under his cell door within an hour later. Plaintiff appears to have been completely at fault in this incident, and it provides no support for his denial of access claim.

library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." Id. at 351, citing Bounds v. Smith, 430 U.S. 817, 830 (1977). It follows that the inmate represented by counsel provided by the State in a pending action, is not entitled to a law library.

Plaintiff is given the opportunity in his Amended Complaint to state what court action or actions he is pursuing, whether he is representing himself therein, and how those cases have been actually impeded by the alleged inadequate access to legal and other materials[16]. The court notes that plaintiff managed to file this civil rights action and submit volumes of papers in this case. Thus, this case alone is evidence that he has been afforded, rather than denied, access to this court.

Moreover, plaintiff must allege facts showing actual personal participation in the alleged denials of his right to access by each person named as a defendant. Jail officials are not liable for damages under 42 U.S.C. § 1983 based solely upon their supervisory capacity.

**TAKING OF LEGAL MAIL**

As Count IV, plaintiff claims his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated by the taking of his legal mail. However, no facts such as dates, acts by specific defendants, or descriptions of instances of interference with pieces

---

[16]    The court does not condone the confiscation of an inmate's legal papers by jail officials for the purpose of reading their content. However, plaintiff must provide more details to state a claim in federal court. He must allege what papers were read, who read them, and how his court action or attorney access was actually impeded.

of legal mail are alleged in connection of this claim.   Nor is a
fact basis presented for a denial of freedom of expression claim.
The facts alleged in support of this claim relate to and were
considered in connection with plaintiff's denial of access claim.
The court thus finds that plaintiff has not stated sufficient facts
to support this claim, and has not alleged that all defendants named
in this lawsuit personally participated in interfering with his
legal mail.

**CLAIMS FRIVOLOUS ON THEIR FACE**

Plaintiff alleges that Sgt. Hall and others made threatening
remarks.   Threatening words alone do not state a federal
constitutional violation.   Thus, all plaintiff's allegations about
threatening remarks are not grounds for relief in this civil rights
complaint.

Plaintiff also alleges that on April 23, 2008, he was fired as
a porter because Sgt. Hall was told to leave him alone.   Plaintiff
does not allege sufficient facts in support of this claim; and in
any event, he had no federal constitutional right to employment
while in the county jail.

Plaintiff complains that he was the only inmate subjected to
numerous shakedowns.   Jail officials have the authority to search an
inmate's cell, and the fact that other inmates were not subjected to
as many searches, without more, states no federal constitutional
claim.

Plaintiff's claims that his constitutional rights were
violated, when he was forced one time to eat standing up and on

another received an inedible sandwich, are frivolous on their face. His bald statements that he made numerous complaints to Cpt. Whitaker and wrote to Sheriff Murphy but these defendants failed to protect him and his rights, are not supported by any facts whatsoever.  He may not recover damages from these individuals based upon such conclusory allegations.

### CLAIM OF DAILY ABUSE

Plaintiff's overall claim that he was abused daily is a conclusory statement not supported by the facts in the complaint. It appears from Mr. Hood's own allegations and exhibits that he has been recalcitrant and abusive to staff.  He has argued with and criticized jail employees; refused to comply with orders and resisted physically; fought with another inmate; refused to participate in his disciplinary hearing and to accept the return of legal papers properly confiscated; frequently made demands for medical attention, treatment, tests, and food based upon his ideas about what he needs and when; and demanded supplies over and above those normally provided to indigent inmates.  The court concludes that the facts thus far alleged by plaintiff, even taken as true, fail to demonstrate that the named defendants have subjected him to daily abuse[17].

### CIVIL ACTION IN STATE COURT

Plaintiff alleges that he tried to file a civil rights

---

[17]    Plaintiff's myriad claims are not properly joined by virtue of this conclusory claim.

complaint in Butler County District Court but has been ignored[18], and that his appointed counsel has refused to help him with his civil complaint.  Plaintiff seeks no relief on this claim, and describes no action by a named defendant in connection with it.  Thus, these allegations provide no grounds for the relief he seeks herein.  The court advises plaintiff that he should not include any claims in his Amended Complaint that are already pending in his previously filed state court action.

**CLAIMS FOR INJUNCTIVE RELIEF AND AN INVESTIGATION**

In his prayer for relief, plaintiff seeks money damages for abuse, and an investigation of the Butler County Jail.  He also seeks "injunctions" to stop any future abuse.  Plaintiff is no longer at the Butler County Jail.  Consequently, he is no longer subject to conditions there, and his claims for injunctive relief are moot.  An investigation is not a form of relief normally available under Section 1983.  Moreover, plaintiff has not alleged sufficient facts for the court to find that an overall investigation of the Butler County Jail is warranted.

**PLAINTIFF'S ATTACHMENTS**

Plaintiff alleges that he has filed numerous grievances and medical requests, which were either ignored or not fairly answered. He has attached over one-hundred exhibits to his complaint and two

---

[18]      Plaintiff alleges that he filed a lawsuit in Butler County on March 8, raising claims of physical and medical abuse and mail violations.  He further alleges he thinks the clerk never filed it because he has not received a docket number, and his inquiries to the court have been ignored.

other pleadings, treated as supplements[19]. He states that these documents prove he attempted to administratively resolve his claims. This "documentation" of plaintiff's exhaustion attempts or of his claims should have been held by plaintiff and submitted at the time of trial or other proceeding at which he may be required to produce evidence. All exhibits submitted in advance by plaintiff have been considered by the court as part of and supplemental to his complaint[20].

## MOTION FOR COUNSEL

Plaintiff is not entitled to appointment of counsel in a civil rights action, particularly one for money damages. Moreover, it does not appear likely that this action will survive screening for the reasons stated herein. Accordingly, the court finds plaintiff's motion for counsel should be denied at this time.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted[21].

---

[19]    Since the complaint was filed, plaintiff has submitted two letters liberally construed and filed as Supplements to his complaint (Docs. 7, 9). Each pleading has numerous exhibits attached, which plaintiff refers to as documentation of his claims. It is not proper for plaintiff to present documentation or other evidence of his claims prior to trial or a hearing unless required by the court.
    Plaintiff is advised that he must include a caption on all pleadings he files with the court. In addition, he must place the title of any pleading in the caption and explain what relief he seeks therein. If his intent is to add claims, he must file an Amended Complaint that complies with the applicable federal rules.

[20]    Plaintiff's allegations in his second supplement (Doc. 9) that "they" are continually opening his legal mail and making threatening remarks are completely conclusory. His allegations of fear of retaliation and the abuse of other inmates are also completely conclusory. The court is asked to have him moved, but decisions regarding transfer and housing of inmates are matters within the discretion of corrections officials, not the federal courts.

[21]    As noted, pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full district court filing fee of $350.00 in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file an Amended Complaint that cures the deficiencies discussed herein and complies with the foregoing Memorandum and Order.

The clerk is directed to transmit forms for filing a civil rights complaint, 42 U.S.C. § 1983, to plaintiff[22]; and a copy of this Memorandum and Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 10th day of November, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

[22]   These forms are for plaintiff to file his Amended Complaint herein, and he must write this case number in the caption on these forms.  If he decides to file separate actions on any dropped claims or defendants, he may request additional forms from the clerk.