IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICK IAN HOOD,

                    Plaintiff,

              v.                              CASE NO. 08-3112-SAC

CRAIG MURPHY,
et al.,

                    Defendants.

                          O R D E R

        This civil rights complaint, 42 U.S.C. § 1983, was filed by
an inmate now confined at the Sedgwick County Adult Detention
Facility, Wichita, Kansas.  Plaintiff complained of events which he
alleged occurred at the Butler County Jail while he was confined
there as a pretrial detainee.  On November 10, 2008, this court
entered a Memorandum and Order, upon its screening of plaintiff's
in forma pauperis complaint, finding that Mr. Hood had improperly
joined multiple parties and claims and setting forth the
deficiencies in his claims, including that plaintiff failed to
allege personal participation of each named defendant in each
claim, and that his allegations were either conclusory or failed to
state a federal constitutional claim.  The court gave plaintiff
time to file an Amended Complaint curing the deficiencies discussed
therein.

        Plaintiff has since filed a "Motion to Contest Memorandum
and Order" (Doc. 11), his second Motion for Appointment of Counsel
(Doc. 12), an Amended Complaint (Doc. 14), and a Motion for
Discovery of Documents (Doc. 15).  Having examined the materials
filed, the court finds as follows.

**MOTION TO CONTEST MEMORANDUM AND ORDER**

In this motion, plaintiff generally disagrees with the court's findings of deficiencies in his claims, and objects that he does not understand how to proceed.  The court is asked to consider appointing counsel and, if plaintiff must continue to proceed without counsel, to grant him an extension of time to comply with the order to file an Amended Complaint.  The court has considered plaintiff's objections to its Memorandum and Order dated November 10, 2008, and finds no reason is alleged or exists for granting plaintiff relief from that Order.  Plaintiff's request for an extension of time is now moot because he has filed his Amended Complaint (Doc. 14) in compliance with the court's Order.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's Motion for Appointment of Counsel (Doc. 12), and his request for counsel in the above motion (Doc. 11) are denied, again without prejudice.  Plaintiff bases these requests partly upon his alleged inability to prepare and file an Amended Complaint.  However, he has since managed to file an Amended Complaint that substantially complies with the Court's prior Memorandum and Order.  He also bases his requests for counsel upon the alleged complexity of the case and his need for depositions, medical experts, and discovery of medical records and other documents.  Plaintiff is not entitled to appointment of counsel in this civil rights action, and has not shown that counsel is necessary at this juncture in this action.  Accordingly, the court finds that these requests for appointment of counsel should again be denied, without prejudice.

2

## MOTION FOR DISCOVERY OF DOCUMENTS

Plaintiff's Motion for Discovery (Doc. 15) is premature and overbroad, and is denied, without prejudice, at this time. Defendants have not been served, and plaintiff has not made proper requests to defendants for discovery herein.  Discovery is bound to be affected by the disclosures required between the parties under Rule 26 of the Federal Rules of Civil Procedure.  The scheduling order will set dates for discovery.  Plaintiff is encouraged to continue his efforts to obtain documentation regarding the alleged assault at the Butler County Jail and his medical records pertaining to his injuries resulting from that incident through the appropriate jail officials.  The court herein orders that summons issue, and defendants will be required to respond to the Amended Complaint.  Plaintiff may submit requests for discovery relevant to the claims in his Amended Complaint during pretrial proceedings.

## SUMMONS ISSUED ON AMENDED COMPLAINT

The original complaint filed herein is completely superceded by the Amended Complaint (Doc. 14), and the original complaint is not considered further.  The court proceeds to screen the Amended Complaint.

In the Amended Complaint, Mr. Hood names as defendants Craig Murphy, Butler County Sheriff, as well as "Captain Whitaker" and "Sgt. T. Hall", both employees at the Butler County Jail at the time of the alleged assault incident.  As the factual basis for his Amended Complaint, Mr. Hood alleges that on February 27, 2008, "Sgt Hall twisted and yanked on plaintiff's arms through the shower access hole and then again through the plaintiff's cell door."  He

3

further alleges that this "abuse at the hands of Sgt. T. Hall . . . . resulted in multiple bone fractures and permanant (sic) nerve damage to (his) left and right hands and arms." Plaintiff seeks money damages for pain and suffering.

Plaintiff was informed in the Court's prior Memorandum and Order that to hold individual defendants liable for money damages in this action under 42 U.S.C. § 1983, he was required to describe each defendant's personal participation in the allegedly unconstitutional acts, and that such liability could not be based solely upon a defendant's supervisory capacity. The court finds that plaintiff has failed to sufficiently allege the personal participation of either Sheriff Murphy or Captain Whitaker in the alleged assault that is the basis for this complaint. The allegations plaintiff does make regarding these two defendants: that the Sheriff was negligent in "not following up on numerous complaints" made by plaintiff and others regarding defendant Hall, and that defendant Whitaker did not address plaintiff's complaints "of the abuse" until he was told plaintiff's attorney had obtained pictures of plaintiff's injuries, are conclusory and insufficient to show the personal participation of these defendants in the alleged assault.

The court concludes that all defendants must be dismissed from this action, except defendant Hall. The court further finds that all claims must be dismissed from this action, except plaintiff's claim that excessive force was used against him on

4

February 27, 2008, by defendant Hall[1]. Plaintiff has properly dropped his other claims from the Amended Complaint. Summons shall issue only upon defendant Hall and only upon plaintiff's claim of the use of excessive force by defendant Hall on February 27, 2008.

**IT IS THEREFORE ORDERED** that all defendants and all claims are dismissed from this action, except plaintiff's claim against defendant "Sgt. T. Hall" for excessive force on February 27, 2008.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Contest (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that plaintiff's imbedded request for counsel (Doc. 11) and Motion to Appoint Counsel (Doc. 12) are denied, and his Motion for Discovery of Documents (Doc. 15) is denied, all without prejudice.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendant Hall by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan.R. 40.1.

Copies of this Order shall be transmitted to plaintiff, to

---

[1]    This includes plaintiff's conclusory allegation that he "was subjected to continuous physical, mental, and emotional abuse" at the hands of defendant Hall, and his claim of denial of medical treatment. Plaintiff was previously informed that he must allege additional facts in support of these conclusory claims, and has failed to allege any additional facts in his Amended Complaint.

defendant, to the County Commission of Butler County, Kansas, and to Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

6