IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK IAN HOOD
Plaintiff,

v.    Case No. 08-3112-JTM

T. HALL,
Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's motion to contest order. (Dkt. No. 19). Pro-se Plaintiff, Patrick Ian Hood, initially brought a complaint against various officials, primarily alleging that as a pretrial detainee in Butler County Jail, he was physically, medically, emotionally, and verbally abused on a daily basis. (Dkt. No.1).

The plaintiff was ordered to cure numerous deficiencies in his complaint. (Dkt. No. 10). Hood filed an amended complaint. (Dkt. No. 14). An order was entered that all defendants and all claims were dismissed from the action, except for Hood's claim against defendant Sgt. T. Hall (Dkt. No. 16). Hood then filed a motion titled "motion to contest order," which the court interprets as a motion to reconsider. The defendant's motion fails to articulate any grounds justifying such relief.

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. *Buell v. Security General Life Ins. Co.,* 784 F.Supp. 1533, 1535 (D.Colo.1992), *aff 'd,* 987 F.2d 1467 (10th Cir.1993), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). A motion to alter or amend is directed not at initial consideration, but reconsideration. *Buell,* 784 F.Supp. at 1535. Such reconsideration is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable

law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff 'd,* 770 F.2d 98 (7th Cir.1985).  A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482 (D.Kan. 1994), *aff 'd,* 43 F.3d 1484 (10th Cir.1994).  The resolution of the motion is committed to the sound discretion of the court.  *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

Hood expresses dissatisfaction with the order dated December 16, 2008, but he fails to articulate any grounds justifying relief.  After a careful review of the record, the court finds that: 1) there is no new evidence and  2) the court did not misapprehend the facts, plaintiff's position or the controlling law.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that plaintiff's motion to contest order (Dkt. No. 19) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE